**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

T. GEOFFREY HEEKIN,

    Plaintiff/Counter-Defendant,

-vs-                                               Case No.  3:15-cv-1230-J-34PDB

TODD ELDREDGE COKER and
SUSAN MCCABE COKER FRYE,

    Defendants/Counterclaimants/
    Third-Party Plaintiffs,

-vs-

HEEKIN, MALIN & WENZEL, P.A.,

    Third-Party Defendant.

_____

# ORDER

**THIS CAUSE** is before the Court on Plaintiff's Response in Opposition to Defendant's [sic] Motion to Dismiss/Strike Plaintiff's Amended Complaint and Supporting Memorandum of Law (Doc. 34; Response), filed on April 14, 2016. In his Response, Plaintiff, in addition to opposing Defendants' motion to dismiss this action, alternatively suggests that "Plaintiff will agree to granting the Motion to Dismiss solely for the purpose of allowing Plaintiff to submit an additional Second Amended Complaint which adds certain causes of action." See Response at 2. As another alternative, Plaintiff requests that the Court deny Defendant's motion to dismiss and "Plaintiff will then subsequently file a Motion for Leave to File a Second Amended Complaint." Id. In sum, Plaintiff requests that the Court either deny the

motion to dismiss after which Plaintiff will file a motion to amend, or grant the motion and allow Plaintiff to file a Second Amended Complaint. Id. at 2-3. Preliminarily, the Court notes that a request for affirmative relief, such as a request for leave to amend a pleading, is not properly made when simply included in a response to a motion. See Fed. R. Civ. P. 7(b); see also Rosenberg v. Gould, 554 F.3d 962, 965 (11th Cir. 2009) ("Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly.") (quoting Posner v. Essex Ins. Co., 178 F.3d 1209, 1222 (11th Cir. 1999)).

Moreover, even if it were proper to include a request for leave to amend in the Response, the request is otherwise due to be denied based upon Plaintiff's failure to satisfy the requirement that "[a] motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment." Long v. Satz, 181 F.3d 1275, 1279 (11th Cir. 1999); see also McGinley v. Fla. Dep't of Highway Safety and Motor Vehicles, 438 F. App'x 754, 757 (11th Cir. 2011) (affirming denial of leave to amend where plaintiff did not set forth the substance of the proposed amendment); United States ex. rel. Atkins v. McInteer, 470 F. 3d 1350, 1361-62 (11th Cir. 2006) (same).  Thus, to the extent Plaintiff's request in the Response is a request to amend his Amended Complaint (Doc. 29), the Court will not entertain Plaintiff's request for relief included in the Response. Plaintiff is advised that, if he wishes to amend his Amended Complaint to cure any alleged pleading deficiencies he is required to file an appropriate motion, in accordance with the Federal Rules of Civil Procedure and the Local Rules, United States District Court, Middle District of Florida.

Accordingly, it is hereby

**ORDERED**:

To the extent that it requests relief from the Court, Plaintiff's Response in Opposition to Defendant's [sic] Motion to Dismiss/Strike Plaintiff's Amended Complaint and Supporting Memorandum of Law (Doc. 34), is **DENIED without prejudice**.

**DONE AND ORDERED** at Jacksonville Florida, this 20th day of April, 2016.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record